IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

BILLY TYLER,

           Plaintiff,

vs.

MICHAEL MYERS, Director; and JOHN DOE, Unknown Officers;

           Defendants.

4:22CV3138

**MEMORANDUM AND ORDER**

      This matter is before the Court on Plaintiff's, a non-prisoner, Motion to Proceed in Forma Pauperis. Filing No. 5. Upon review of Plaintiff's Motion, the Court finds that Plaintiff is financially eligible to proceed in forma pauperis. The Court also conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2) (requiring the court to dismiss actions filed in forma pauperis if they are frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief).

**I. SUMMARY OF COMPLAINT**

      Plaintiff sues unnamed John/Jane Doe officers, alleging he was maced and assaulted by the officers when Plaintiff refused to be forced into a "filthy room with another inmate in a so called quarantined [sic] room for new inmates." Filing No. 1 at CM/ECF p. 1. Plaintiff alleges the mace blinded him or permanently damaged his eyes. Filing No. 1 at CM/ECF p. 2. Plaintiff apparently alleges that after the incident, Defendants discontinued the practice of "trying to force 2 people in said cell." Filing No. 1 at CM/ECF p. 2. Plaintiff does not identify where this incident took place or which government entity employed the officers. Plaintiff also sues "Director Michael Myers" without identifying

where Defendant Myers is the director. The Court takes judicial notice that one Michael Myers is the Director of Corrections in Douglas County, Nebraska. For purposes of this initial review, the Court presumes Plaintiff is attempting to sue Director Myers and unnamed officers employed by the Douglas County Department of Corrections. Plaintiff seeks $500 million in damages.

## II. STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (quoting Hopkins v. Saunders, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed,

and pro se litigants are held to a lesser pleading standard than other parties." *Topchian,* 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

Plaintiff does not identify the municipal entity that employs any of the Defendants, much less the capacity in which they are being sued. Because Plaintiff does not specify the capacity in which the Defendants are sued, the Court must construe the Complaint as asserting claims against Defendants in their official capacities only which, in effect, are claims against the officers' employing municipality, Douglas County. In *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999), the Eighth Circuit explained:

> Because section 1983 liability exposes public servants to civil liability and damages, we have held that only an express statement that they are being sued in their individual capacity will suffice to give proper notice to the defendants. Absent such an express statement, the suit is construed as being against the defendants in their official capacity. A suit against a public employee in his or her official capacity is merely a suit against the public employer.

(Internal citations omitted)); *see also Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) ("A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent."); *Parrish v. Luckie*, 963 F.2d 201, 203 n.1 (8th Cir. 1992) ("Suits against persons in their official capacity are just another method of filing suit against the entity. A plaintiff seeking damages in an official-capacity suit is seeking a judgment against the entity." (citation omitted)).

In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Supreme Court held that a municipality (or other local government unit) can be liable under 42 U.S.C. § 1983 if an "action pursuant to official municipal policy of some nature caused a constitutional tort." *Id.* at 691. To prevail on a claim alleged against the county, Plaintiff must show that the constitutional violation resulted from (1) an official "policy," (2) an

3

unofficial "custom," or (3) a deliberately indifferent failure to train or supervise. *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016).

"Official policy involves 'a deliberate choice to follow a course of action . . . made from among various alternatives' by an official who has the final authority to establish governmental policy." *Jane Doe A By & Through Jane Doe B v. Special Sch. Dist. of St. Louis Cty.*, 901 F.2d 642, 645 (8th Cir. 1990) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

> Alternatively, a plaintiff may establish municipal liability through an unofficial custom of the municipality by demonstrating "(1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, *i.e.*, that the custom was a moving force behind the constitutional violation."

*Malone v. Hinman*, 847 F.3d 949, 955 (8th Cir. 2017) (quoting *Corwin*, 829 F.3d at 699-700). A municipal-liability claim based on a theory of inadequate training or supervision is simply an extension of a claim based on a "policy" or "custom" theory of municipal liability. *Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018).

In this case, Plaintiff's allegations against the Defendant director and officers—which are in reality a claim against Douglas County—fail to state a claim upon which relief can be granted because Plaintiff does not allege that a policy or custom of a government entity caused the violation of his constitutional rights. However, the Court shall grant Plaintiff leave to file an amended complaint to make such factual allegations, if such allegations can be truthfully and plausibly alleged.

Plaintiff names only one Defendant and the other Defendants as "John Doe." "It is generally impermissible to name fictitious parties as defendants in federal court, but 'an

4

action may proceed against a party whose name is unknown if the complaint makes allegations specific enough to permit the identity of the party to be ascertained after reasonable discovery.'" *Perez v. Does 1-10*, 931 F.3d 641, 646 (8th Cir. 2019) (quoting *Estate of Rosenberg by Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995)). In filing an amended complaint, Plaintiff shall make every reasonable effort to name the Defendants by first and last name in order to facilitate service of summons. Plaintiff shall also allege the municipal entity that employs Defendants.

## IV. CONCLUSION

Plaintiff's Complaint fails to state a claim upon which relief may be granted and is subject to immediate dismissal under 28 U.S.C. § 1915(e)(2). However, the Court on its own motion will give Plaintiff 30 days in which to file an amended complaint. If an amended complaint is not filed within 30 days, this action will be dismissed without further notice.

IT IS THEREFORE ORDERED:

1. Plaintiff's Motion to Proceed in Forma Pauperis, Filing No. 5, is granted.

2. Plaintiff shall have 30 days in which to file an amended complaint that states a claim upon which relief may be granted. Failure to file an amended complaint within 30 days will result in the Court dismissing this case without prejudice, and without further notice to Plaintiff. Plaintiff is encouraged to use the court-approved form to draft his amended complaint, which the Clerk of the Court will provide to him.

3. If Plaintiff files an amended complaint, he shall restate the allegations of the Complaint and any new allegations. Failure to consolidate all claims into one document

may result in the abandonment of claims. Plaintiff is warned that an amended complaint will supersede, not supplement, his prior pleadings.

4. In filing an amended complaint, Plaintiff shall identify the municipal entity that employs Defendants, shall specify in what capacity the Defendants are sued, and shall make every reasonable effort to name the Defendants by first and last name in order to facilitate service of summons. Plaintiff should be mindful to explain what each Defendant did to him, when the Defendant did it, and how the Defendants' actions harmed him.

5. The Court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) in the event he files an amended complaint.

6. The Clerk of the Court is directed to send to Plaintiff a form Complaint for Violation of Civil Rights (Non-Prisoner).

7. The Clerk of the Court is directed to set the following pro se case management deadline: **October 20, 2022—**amended complaint due.

Dated this 20th day of September, 2022.

BY THE COURT:

*/s/ Joseph F. Bataillon*

Joseph F. Bataillon
Senior United States District Judge